FILED
CLERK

12/17/2024 3:27 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAUL A. McDERMOTT,

       Plaintiff,      **MEMORANDUM OF
                  DECISION &
  -against-           ORDER**

COMMISSIONER OF SOCIAL SECURITY,   24-CV-0006(GRB)

       Defendant.
-----------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

  Some cases seeking review of determinations by the Commissioner of Social Security are complex and difficult. Despite the submission of thousands of pages of records and briefings in this matter, this is not one of them.

  In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges a final determination by the Commissioner of the Social Security Administration that he was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

  In his decision, the ALJ found that the plaintiff:

> had the following severe impairments: diabetes mellitus with neuropathy, right eye blindness, diabetic retinopathy, stage 3 kidney disease, chronic liver disease, peripheral vascular disease, anemia, and status post partial right foot amputation.

DE 11 at 22. According to the ALJ, these "medically determinable impairments significantly limit the ability to perform basic work activities." *Id.* Astonishingly, the ALJ nonetheless determined that the plaintiff retained the residual functional capacity to return to his job as a restaurant manager, a job characterized as being performed at a medium exertional level. *Id.* at 34-35.

1

How could the ALJ reach such conclusions? By ignoring the law and the facts.[1]

First, as though armed solely with a microscope, the ALJ examined each of plaintiff's many ailments in isolation. *Id.* at 22-27. He rejected each individual ailment, considered alone, as a basis for finding an impairment. *Id.* Though the introduction to this section baldly states that the impairments were "considered singularly or in combination," the ALJ made no effort to consider the combined effects of these serious physical issues. In doing so, the ALJ failed in his duty. *See Burgin v. Astrue*, 348 F. App'x 646, 647 (2d Cir. 2009) ("The Commissioner is required to 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity' to establish eligibility for Social Security benefits.") (quoting 20 C.F.R. § 404.1523).

Having failed to appropriately analyze plaintiff's injuries, the ALJ proceeded to neglect the proper evaluation of plaintiff's residual functional capacity. Indeed, despite having found—quite reasonably—that plaintiff's substantial impairments "significantly limit the ability to perform basic work activities," the ALJ nevertheless determined that he retained the capacity to return to his prior work as a restaurant manager—something well beyond a light duty position.

Though this determination was flawed in many ways, one metric will serve to illustrate the point. The undisputed evidence demonstrates that plaintiff's prior employment required six hours of standing in an eight-hour workday. DE 11 at 92. The ALJ found that plaintiff could

---

[1] It is difficult to reconcile the ALJ's egregious decision with assertions in the Commissioner's brief that the ALJ "applied the correct legal standards" and "properly considered the medical opinions of record." DE 13-1 at 15, 18. This Court has, in several written opinions, lamented the absence of effective involvement of the United States Attorney's Office as representation of the Commissioner has, in many instances, been seemingly "outsourced" to cross-designated agency counsel, resulting in repeated "litigative failures." *Mieczkowski v. Comm'r of Soc. Sec.*, No. 23-CV-896 (GRB), 2024 WL 113940, at *3, n.7 (E.D.N.Y. Jan. 10, 2024) (collecting cases). As these suggestions have largely gone unheeded, the Court may be forced to consider more significant remedies in future matters.

2

continue to do so, while, as acknowledged in the ALJ's decision, two treating medical sources reported that he could stand no more than two hours a day, rendering him unfit for his prior employment. DE 11 at 33-34. Lacking reliable evidence upon which to base his assessment of plaintiff's ability to stand, the ALJ conjured support from treatment notes containing plaintiff's subjective reporting concerning his ability to walk in half-mile increments, even though plaintiff subjectively reported an ability to stand for only an hour at a time. *Id.* at 32. Such impermissible extrapolation and "cherry picking" from the record constitutes further legal error by the ALJ. *See Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019) ("[T]he ALJ's two cherry-picked treatment notes do not provide 'good reasons' for minimalizing Dr. Dron's opinion.").

Finally, the ALJ rejected the available medical evidence concerning plaintiff's ability to stand by noting that the subject opinions were outside the insured period and observing that several other providers simply did not offer opinions on the issue. Thus, rather than obtain further information, the ALJ opted to render conclusions based upon an incomplete record. In failing to explore and address these issues, the ALJ failed in his duty to develop the record. *Seavey v. Barnhart*, 276 F.3d 1, 8 (1st Cir. 2001) ("It is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits"), *quoted with approval, Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005).

The matter is remanded for further proceedings consistent with this opinion. For avoidance of doubt, on remand, the ALJ shall, at a minimum: (1) consider the combined effects

of plaintiff's medical impairments; (2) fully develop the record as necessary and (3) provide a full analysis of plaintiff's residual functional capacity.

The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
      December 17, 2024

                                          /s/ Gary R. Brown
                                          GARY R. BROWN
                                          United States District Judge